UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMENCIO BAEZ,

                           Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                       04-CV-6316L

                v.

THOMAS M. POOLE and
TRUDY THORNTON,

                           Defendants.
_____

      This is a civil rights action brought by an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). Plaintiff, Demencio Baez ("Baez"), commenced this action against two DOCS employees, Thomas M. Poole, Superintendent of the Five Points Correctional Facility, and Dr. Trudy Thornton, a physician at that institution. Both defendants have filed a motion for summary judgment (Dkt. #25) and Baez has filed a response in opposition (Dkt. #31). The motion for summary judgment is granted and the complaint is dismissed as to both defendants Poole and Thornton.

**DISCUSSION**

**I. Failure-to-Protect Claim**

      Baez alleges that defendant Poole failed to protect him from attack by another inmate. Baez alleges that Poole thereby violated his rights under the Eighth Amendment to the United States Constitution.

It is clear that the Eighth Amendment does require prison officials to take reasonable steps to insure the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1984). To establish a violation of that duty, however, it must be shown that the prison official had "knowledge that an inmate face[d] a substantial risk of serious harm and ... disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). *See also Farmer*, 511 U.S. at 835 ("something more than mere negligence" is required).

Here, plaintiff has done nothing other than allege in conclusory fashion that Poole had knowledge of the problems with Baez's cellmate, and that he deliberately ignored the risks to plaintiff's safety stemming from those problems. Since there is no evidence that Poole knew or should have known of that alleged risk, this claim must fail. Certainly it is not uncommon for inmates to get into altercations from time to time and, in this case, Baez was involved in fighting with another inmate and was disciplined for it. *See* Dkt. #28 Ex. C. On the record before me, I see no basis for concluding that Poole should have known of some further risk to plaintiff's safety or that he was deliberately indifferent to such a risk.

In addition, it appears that Baez refused to participate in the disciplinary hearings relating to the fight between him and his cellmate, and that he failed to appeal the hearing officer's decision finding Baez guilty of fighting and disorderly conduct. Thus, because of plaintiff's own failure to cooperate, the institution knew only that there had been a disagreement between two inmates, and there was no reason to think that it was anything other than an isolated, one-time incident. In essence, plaintiff failed to take advantage of procedures that could have put prison officials on notice of any dangerous situation that existed. Plaintiff's election not to participate

in the disciplinary process is further evidence that plaintiff has failed to make out a viable claim of deliberate indifference, since prison officials were not aware of the serious risk of harm that he allegedly faced.[1]

## II. Eighth Amendment Claim Alleging Lack of Medical Care

Plaintiff claims that defendant Thornton violated his Eighth Amendment rights by depriving him of adequate medical care. To establish such a claim, plaintiff must demonstrate that the official acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). It is well established that malpractice, or disagreements between an inmate and the medical professional about the inmate's treatment, do not constitute an Eighth Amendment violation. *Id.*

There is an objective and a subjective prong to such a claim. First, the deprivation must be sufficiently serious and the medical provider must have been indifferent to the inmate's health needs. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Second, the inmate must show that the defendant acted in wanton disregard of his medical needs; in other words, that the defendant had a culpable state of mind and intended wantonly to inflict pain. *Id.*

The essence of plaintiff's claim here appears to be that certain medications that he had stored in his cell were taken from him. Plaintiff's medical records, however, indicate that those medications were removed from plaintiff's cell because he had not taken them as prescribed, but instead had been hoarding them until he had over 600 pills in his cell, and because he had no

---

[1] My finding in this regard makes it unnecessary for the Court to address defendants' argument that Baez's refusal to participate in the disciplinary proceedings constitutes a failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

medical need for those medications.  *See* Dkt. #28 Ex. E.  In addition, Dr. Thornton continued to prescribe medicine to plaintiff as needed, and that she simply prevented him from storing large quantities of medication in his cell.

The actions of Dr. Thornton and other prison officials in removing a substantial cache of drugs was certainly reasonable, and did not adversely affect Baez's legitimate medical treatment. The medical and health records submitted by defendants in support of their motion for summary judgment demonstrate that Baez was consistently treated and prescribed appropriate medication. Plaintiff has therefore failed to demonstrate that he had a serious medical need that was intentionally ignored or overlooked by Dr. Thornton or any other medical professionals at Five Points.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #25) is granted, and the complaint is dismissed with prejudice against both defendants, Thomas M. Poole and Trudy Thornton.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 27, 2008.